## CIRCUIT COURT OF NELSON COUNTY

Oakwood Acceptance Corp.

v.

James R. Pippin, Jr.,
and Crystal R. Pippin

March 27, 2002

Case No. CL 01-0051

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the issues in this case. Prior to ruling on these issues, I have reviewed the memorandum filed.

The motion for judgment in detinue of the plaintiff is not granted. I find that the Pippins properly revoked their acceptance of the mobile home due to a nonconformity which substantially impaired its value to them. Va. Code § 8.2-608(1)(a).

The evidence in the case established that the Pippins purchased a mobile home from Oakwood in April 2000. When one-half of the mobile home was delivered in April 2000, it was damaged. The roof was bowed, the cabinets were in the floor, walls cracked, holes put in the floor, and two of the I-beams were cut. The Pippins contacted Andy Flores at Oakwood immediately. They told Mr. Flores that they wanted Oakwood to take back the section of the mobile home that was delivered. Andy Flores advised them that he would fix the mobile home and "work it out with them."

Relying on the representations of Andy Flores, the Pippins placed the mobile home on a foundation and lived in the home for approximately eleven months. They moved out of the home in August 2001. In February 2001, May 2001, and July 2001, letters were sent to Oakwood by the Department of Inspections of Nelson County advising Oakwood that the I-beams violated the Virginia Uniform Statewide Building Code because repairs had not been

evaluated and approved by a structural engineer. Additionally, in June 2001, Lorenzo Dyer, State Building Code Senior Engineer, advised Oakwood that the Pippin mobile home suffered from violations of the Manufactured Home Procedural and Enforcement Regulations. On June 14, 2001, the Pippins advised Oakwood that they revoked their conditional acceptance of the mobile home because the structural defects had not been cured. Oakwood did perform additional repairs on the mobile home in September 2001. These repairs, however, were done after the acceptance was revoked and after the Pippins had moved from the mobile home.

Under the Uniform Commercial Code, a buyer of goods may revoke acceptance when nonconformity of the goods substantially impairs its value. This revocation may occur after acceptance where the acceptance was on the reasonable assumption that the nonconformity would be cured. Va. Code § 8.2-608(1)(a). In the instant case, when the first one-half of the mobile home was delivered and found to be damaged, the Pippins immediately notified Oakwood that they did not want it. Based upon the assurances of Andy Flores that the problems would be cured, they accepted the mobile home on that condition. Oakwood did not seasonably cure the defect, and the Pippins properly revoked acceptance in June 2001.

Va. Code § 8.2-608(1) requires that the nonconformity substantially impair the value to the buyer. The test of impairment of value is not diminution of value of the goods on the open market, but a substantial impairment of value to the particular buyer involved. *Gasque v. Mooers Motor Car Co.*, 227 Va. 154, 160, 313 S.E.2d 384 (1984). In the instant case, both the Nelson County Building Inspector and the Department of Housing and Community Development found that the severed I-beams were a significant structural defect. This defect was not cured, if at all, for at least one year after delivery of the mobile home. I find that this is substantial impairment of value to the buyers.

By virtue of the revocation of acceptance, the Pippins do not owe to Oakwood any money arising by virtue of the failure to pay for the mobile home under the retail installment contract. The mobile home has been returned to Oakwood. Accordingly, the motion for judgment for detinue is dismissed.

This leaves the issue of whether Oakwood owes to the Pippins any damages. Va. Code § 8.2-714(1) allows a buyer to recover damages for a nonconformity of accepted goods. Also, Va. Code § 8.2-715 allows a recovery of incidental and consequential damages.

The Pippins paid $500.00 for a down payment on the mobile home, $3,300.00 for an inventory fee, $100.00 to a welder to fix I-beams, $730.00 for an undisclosed fee, and two house payments of $833.60. This is a total of

$6,297.20. The Pippins are entitled to recover this sum as damages arising from this transaction.

They also seek recovery for $4,000.00 for the rock foundation. The rock foundation was their responsibility and thus they cannot recover this amount. They also seek to recover $300.00 for carpet repair and other supplies. This claim is denied because it has not been proven that it arises from the damages to the mobile home. They have claimed $400.00 for a hookup of the heat. It has not been established that this is the responsibility of Oakwood. The sum of $350.00 in attorney's fees in connection with the loan is denied because this was not part of their contract with Oakwood. The $1,500.00 for a bulldozer is denied because grading work was the responsibility of the Pippins and not part of their contract.

Oakwood, however, is entitled to an offset for the fair rental value of the property during the period of time that it was occupied by the Pippins. The Pippins occupied the property for a period of eleven months. The fair rental value of this property was established as $600.00 to $750.00 per month. This amount offsets the $6,297.20 that the Pippins would be entitled to recover. Accordingly, no monetary judgment is granted in favor of the Pippins.